IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ROTELLA,<br><br>    Plaintiff,<br><br>  v.<br><br>EMERITUS CORP., et al.<br><br>    Defendants. | No. C 10-03202 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING ACTION TO SAN FRANCISCO COUNTY SUPERIOR COURT** |

Plaintiff's motion to remand is currently scheduled for hearing on December 16, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand. Plaintiff's request for costs incurred as a result of the removal and motion to strike are DENIED.

**BACKGROUND**

On June 16, 2010, plaintiff Susan Rotella filed this action in the Superior Court for the County of San Francisco. Plaintiff is a citizen of California. Compl. ¶ 1. The complaint alleges five causes of action, all under California state law: (1) wrongful termination in violation of public policy; (2) employment discrimination; (3) fraud; (4) negligent misrepresentation; and (5) defamation. The first four causes of action are alleged against defendant Emeritus Corporation d/b/a Emeritus Senior Living ("Emeritus"), which is incorporated in the State of Washington and has its principal place of business in Washington. Compl.; Stansberry Decl. ¶ 2. The fifth cause of action is alleged against defendant Zenzo Tawaza, a citizen of California. Compl. ¶ 3; Stansberry Decl. ¶ 5.

Plaintiff's allegations against defendant Emeritus, which operates residential living and care facilities for elderly people in the United States, relate to her employment and subsequent termination by defendant Emeritus. Essentially, plaintiff alleges that she was fraudulently enticed to come to work at Emeritus by Emeritus's misrepresentations that it was committed to providing the highest quality care to its residents based on the best industry practices and standards, and that she would have the support and authority to make necessary decisions to carry out that commitment. Compl. ¶ 30. Instead, when plaintiff attempted to raise concerns about quality of care and correct problems, she was terminated, in violation of public policy. *Id.* ¶ 19. She also alleges that she was treated differently than male managerial employees, which constitutes discrimination. *Id.* ¶ 25.

Plaintiff's allegation against defendant Tawaza, who was her subordinate when she worked at Emeritus, is based on oral communications "to various persons, including other employees at EMERITUS." Compl. ¶¶ 40–41. "[T]hese false statements included statements that asserted or strongly implied that plaintiff regularly failed to communicate with staff members, failed to perform other aspects of her job, and/or made degrading or disparaging statements about her regional team, and that the members of her team disliked her and expressed that she was a poor manager." *Id.* ¶ 40. Plaintiff alleges that the statements "did[] injure plaintiff in her occupation . . . in that . . . they stated or implied that plaintiff . . . was not competent or suited to serve in her position, that she did not perform her duties in that position, and/or that she derogated and demeaned her team and staff to the detriment of them and her employer." *Id.* ¶ 42. Additionally, "defendant TAWAZA knew when he made and/or republished them, they would and did purport to provide grounds, however false and pretextual, on which EMERITUS would and did terminate plaintiff's employment at EMERITUS." *Id.*

Plaintiff alleges that "[t]he defamatory statements by defendants were made with malice against plaintiff." *Id.* ¶ 44. As evidence of defendant Tawaza's malice, plaintiff cites

> the fact that plaintiff previously declined the request of TAZAWA [sic] to promote him immediately and straightaway to a Regional Director slot, which plaintiff stated he was not yet ready, prepared or experienced enough to assume and needed to go through a program that would help provide him with the necessary qualifications for that position, which . . . caused resentment toward plaintiff for "thwarting" his ambitions . . . .

*Id.* Plaintiff also cites "reports from other EMERITUS employees that he gloated and/or bragged about his role in getting plaintiff terminated." *Id.*

2

On July 21, 2010, defendant Emeritus filed a notice of removal, arguing that the federal court had diversity jurisdiction notwithstanding the presence in the case of defendant Tawaza, as he is a "sham" defendant. Currently before the Court is plaintiff's motion to remand. Plaintiff also moves to strike an exhibit filed by defendant Emeritus and moves for attorney's fees for the cost of prosecuting the remand motion.

**LEGAL STANDARD**

Generally, a state court action is only removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a). The federal removal statute is strictly construed, and the federal courts reject federal jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The party seeking removal bears the burden of proving its propriety. *Id.* If, at any time before final judgment, a federal court determines that it is without subject matter jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c). On the other hand, a plaintiff cannot avoid federal removal jurisdiction or use the concurrent jurisdiction of state courts as a shield when a case rightfully belongs in federal court. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir.1988).

Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. 28 U.S.C. § 1332(a)(1); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The one exception to this standard arises when a non-diverse defendant is made a party to an action as a "sham" to defeat diversity. *Morris*, 236 F.3d at 1067. Allegations of the presence of a sham defendant can only succeed on a showing that there is an obvious failure to assert a cause of action against that defendant under well-settled rules of state law. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Morris*, 236 F.3d at 1067. The court may look beyond the pleadings and consider affidavits or other evidence to determine if the joinder was a sham. *Morris*, 236 F.3d at 1068; *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (9th Cir. 1995) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary

3

judgment-type evidence such as affidavits and deposition testimony."); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

**DISCUSSION**

**I.   Motion to strike**

As explained above, the Court is permitted to look beyond the pleadings to "summary judgment-type evidence such as affidavits and deposition testimony" in order to resolve fraudulent joinder claims. *Cavallini*, 44 F.3d at 263. On this basis, defendant Emeritus submitted a settlement demand letter written by plaintiff before this case was filed that, defendant Emeritus argued in its notice of removal, is evidence that plaintiff added defendant Tawaza to the suit solely because of his California residency.

Plaintiff moves to strike this letter as submitted in violation of Federal Rule of Evidence ("FRE") 408, because it was a confidential letter sent during compromise negotiations and therefore cannot be offered to prove the "invalidity of . . . a claim that was disputed as to validity." FRE 408. Defendant Emeritus argues that the letter was submitted to show (1) the amount in controversy and (2) that defendant Tawaza was added solely to defeat diversity jurisdiction. Plaintiff objects to defendant Emeritus's reliance on the first reason, because it was not mentioned in the notice of removal and because the face of the complaint clearly revealed that the amount in controversy was sufficient to support federal jurisdiction. Plaintiff argues that the second reason is a creative way to say that the letter was submitted to prove the invalidity of the diversity claim, which is expressly prohibited by FRE 408.

*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) squarely holds that negotiation evidence may be admitted to establish the amount in controversy. Defendant Emeritus has the burden to establish federal jurisdiction, including that the amount in controversy requirement has been met. Therefore, the Court DENIES plaintiff's motion to strike.

However, that does not mean that the Court will consider the evidence for a purpose *other* than to establish the amount in controversy. Nowhere in its inquiry does the Court consider a plaintiff's intent in adding a non-diverse defendant. The only question of relevance to the Court in assessing whether defendant Tawaza is a sham defendant is whether or not plaintiff has asserted a valid claim

4

against him. The letter is not admissible for that purpose, and the Court will not consider it.

**II.     Motion to remand**

Defendant Emeritus argues that the Court has jurisdiction over this case because plaintiff cannot sustain a claim against defendant Tawaza, the only non diverse defendant, who it argues was only sued in order to defeat federal jurisdiction. Defendant Emeritus argues that the alleged defamatory statements (1) are privileged under California Civil Code § 47(c); and (2) are non-actionable statements of opinion.

**A.     Privilege**

California Civil Code § 47(c) provides a qualified privilege for

> a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee. This subdivision shall not apply to a communication concerning the speech or activities of an applicant for employment if the speech or activities are constitutionally protected, or otherwise protected by Section 527.3 of the Code of Civil Procedure or any other provision of law.

Cal. Civ. Code § 47(c); *see also Slaughter v. Friedman*, 32 Cal. 3d 149, 155–56 (1982).

The privilege embodies a two-step analysis, under which the defendant bears the initial burden of demonstrating that the allegedly defamatory communication was made upon a privileged occasion, and the plaintiff then bears the burden of proving that defendant had made the statement with malice. *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1208 (1994). The privilege's "application in a particular case depends upon an evaluation of the competing interests which defamation law and the privilege are designed to serve." *Inst. of Athletic Inst. v. Univ. of Ill.*, 114 Cal. App. 3d 1, 11 (1981). California courts have applied this statute to, for example, communications by an employer to its employees regarding alleged misconduct by a fellow employee, in order to explain the reasons for that employee's termination and thus preserve employee morale. *See Deaile v. Gen'l Telephone Co. of Cal.* 40 Cal. App.

3d 841 (1974); *see also Kelly v. Gen'l Telephone Co.*, 136 Cal. App. 3d 278, 285 (1982).

"Malice necessary to prevent application of the qualified privilege may be alleged by pleading that the publication was motivated by hatred or ill will toward the plaintiff." *Kelly*, 136 Cal. App. 3d at 285. "A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him." *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990). "[M]alice is not inferred from the communication." Cal. Civ. Code § 48.

Defendant Emeritus argues that defendant Tawaza's statements fall squarely within this privilege, and that plaintiff has not alleged malice. The cases defendant cites all respect statements made by a plaintiff's superior rather than, as here, plaintiff's subordinate. Defendant Emeritus argues that this distinction is immaterial since, according to plaintiff's complaint, defendant "Tawaza was in a position to somehow influence Plaintiff's employment." Def. Opp. at 7. Even assuming that defendant has made an adequate showing that the privilege applies to defendant Tawaza, however, plaintiff has alleged malice in a sufficiently particular way so as to support remand. Plaintiff alleges that Tawaza acted with malice, explains the source of that malice, and cites additional statements beyond the allegedly defamatory statements as evidence that the allegedly defamatory statements were actually stated with malice.

### B.     Statements of opinion

Statements of opinion are constitutionally protected, while statements of fact do not receive the same protection. *Rudnick v. McMillan*, 25 Cal. App. 4th 1183, 1191 (Cal. Ct. App. 1994). "California courts have developed a 'totality of the circumstances' test to determine whether an alleged defamatory statement is one of fact or of opinion." *Baker v. Los Angeles Herald Examiner*, 42 Cal. 3d 254, 260 (1986). The test examines both the language of the statement and the context in which the statement was made. *Id.* at 260–61. Additionally, California model jury instructions have incorporated the holding of *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990), and state that "[a]n opinion may be considered a statement of fact if the opinion suggests that facts exist." CACI 1707 (citing *Milkovich* under Sources and Authority); *see also Milkovich*, 497 U.S. at 19–20 (differentiating a constitutionally-protected statement of opinion from a statement that is couched as "a statement of opinion" but contains

a "provably false factual connotation").

Defendant Emeritus argues that the statements attributed to defendant Tawaza are constitutionally protected statements of opinion because they "reverberate as his opinions of Plaintiff's work performance or his personal views of Plaintiff." Def. Opp. at 7. Defendant Emeritus cites a California case that considered allegedly libelous statements made in the "context" of "an employer's performance evaluation." *See Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 965, 970 (1993).

*Jensen* is inapposite. In that case, not only was the statement evaluated "in light of the *context* in which it was published," which was an manager's evaluation of his subordinate, but "none of" the statements suggested that the plaintiff "lacked honesty, integrity or the inherent competence, qualification, capability or fitness to do his job, or that he had reprehensible personal characteristics." *Id.* at 970–71 (emphasis in original). Here, in contrast, the allegedly "false statements included statements that asserted or strongly implied that plaintiff regularly failed to communicate with staff members, failed to perform other aspects of her job, and/or made degrading or disparaging statements about her regional team, and that the members of her team disliked her and expressed that she was a poor manager." Compl. ¶ 40. Some or all of these statements can be proven or disproven, and are therefore not statements of opinion.

The Court does not see any "obvious" failure to assert a cause of action against defendant Tawaza, and therefore cannot ignore his presence in the lawsuit for the purposes of determining diversity jurisdiction. *See United Computer Sys.,* 298 F.3d at 761.[1]

### III. Attorney's fees

Plaintiff also seeks an award of the attorney's fees incurred in bringing this motion to remand. 28 U.S.C. § 1447(c) permits the Court to order payment of "just costs and any actual expenses,

---

[1] Defendant Emeritus requests permission to conduct limited discovery regarding jurisdiction if the Court is inclined to grant plaintiff's motion to remand. Defendant does not explain why, or cite any case that would support the idea that, the Court would have jurisdiction to do this if it does not have jurisdiction over the case. The request is denied. *See Caudill v. Ford Motor Co.*, 271 F. Supp. 2d 1324, 1328 (N.D. Okla. 2003) (suggesting that a party should have "taken discovery *in state court* to show fraudulent joinder" (emphasis added)). *Cf.* 28 U.S.C. § 1446 (calculating timing requirement of removal from the date "it may first be ascertained that the case is one which is or has become removable").

7

including attorney fees, incurred as a result of the removal." In deciding whether to order payment of costs, the Court must assess whether removal was "wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). "[A]bsent unusual circumstances, [costs] should not be awarded when the removing party has an objectively reasonable basis for removal."
*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

Although the Court has determined that it does not have jurisdiction over the underlying action, defendant Emeritus's sham joinder theory was an objectively reasonable basis for removal.

Plaintiff's request for attorney's fees costs is therefore DENIED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, plaintiff's motion to remand is GRANTED and this action is REMANDED to the San Francisco County Superior Court. Plaintiff's motion to strike and request for attorney's fees are DENIED. (Doc. 7.)

**IT IS SO ORDERED.**

Dated: December 13, 2010

SUSAN ILLSTON
United States District Judge